UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HUNTER ENGINEERING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DEEFAKTO SA/NV, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:24-cv-00726-CMS |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Hunter Engineering Company's ("Hunter") Proposed Default Judgment. (Doc. 86). For the reasons that follow, the Court GRANTS default judgment in favor of Hunter and against Defendants Deefakto SA/NV f/k/a Proveq Belux and Wim Craenen.

On June 6, 2025, Hunter filed its Motion to Compel Discovery Responses from Defendants. (Doc. 28). Defendants did not respond to that motion. On July 10, 2025, Judge Henry Edward Autrey, to whom the case was assigned at the time, granted Plaintiff's Motion to Compel Discovery Responses. (Doc. 30). Judge Autrey ordered Defendants, by July 18, 2025, to "provide Plaintiff with their complete answers to Plaintiff's Interrogatories and responses to Plaintiff's Requests for Production of Documents." *Id.* The Court also mandated that Defendants "provide their answers and responses without objections." *Id.* at 2.

On July 16, 2025, Defendants responded to Hunter's requests for production, many of which pertained to the corporate veil of Proveq Belux Corporation as it relates to Defendant Craenen. (Doc. 37, Ex. 3). But very few of Defendants responses were substantive and many were obviously incomplete. Many of Defendants' responses were to the tune of "Will produce," "Defendants will produce any responsive documents they are able to locate," or "Defendants are

attempting to obtain copies of these documents and will supplement their response hereto if any responsive documents are obtained." *See, e.g.*, (Doc. 37, Ex. 3 at 3–4). Defendants' responses in this manner included numbers 6, 7, 10, 16, 21, 23, 31, 33–35, 47, 56, 58, 59, 62, 63, 67, 70–73, 77, 80. *See id.* at 3, 4, 6–8, 11, 12, 16, 18–20, 18 26.

Then, Defendants disclosed amended responses on October 14, 2025, nearly three months after the July 18, 2025, deadline. Despite their untimeliness, these responses also remained largely non-substantive and continued to include responses such as "Will produce," "Will produce if any documents responsive are located," and "Defendant is attempting to locate if it still possesses any documents responsive to this request and will produce if any are located." *See generally* (Doc. 37, Ex. 5). Defendants' responses in this manner included numbers 7, 10, 33, 35, 57, 59, 62, 63, 66, 67, 71, 77, 80, 81. *See id.* at 4, 5, 17, 27, 28, 30–32, 34.

On February 10, 2026, Hunter filed a Motion for Sanctions and a Memorandum in Support, with attached exhibits, pursuant to Federal Rule of Civil Procedure 37 for Defendants' failure to provide complete discovery responses. (Docs. 36 and 37). Among the remedies Plaintiff requested is an order: (1) that "all matters embraced in the discovery requests [to which] Defendants have failed to provide complete responses shall be taken as established in the light most favorable to Hunter"; (2) prohibiting "Defendants from opposing Hunter's argument that the Court should pierce Proveq Belux's corporate veil"; (3) staying "discovery-related deadlines until Defendants have provided 'complete' discovery responses"; (4) awarding "Hunter attorneys' fees related to this motion"; and (5) granting "any other relief [the Court] deems just and proper." (Doc. 36 at 2). Defendants responded in their Memorandum in Opposition to Plaintiff's Motion for Sanctions, with attached exhibits. (Doc. 40). And Plaintiff filed a Reply in Support of its Motion for Sanctions. (Doc. 46).

This Court ordered all parties to appear in person for a hearing to be held on April 9, 2026. (Doc. 41). The Court further ordered that, at the hearing, "the parties shall present any additional evidence and argument relating to Plaintiff's Motion for Sanctions (Doc. 36)." (Doc. 41 at 2).

At the hearing on April 9, 2026, the Court heard arguments and received evidence on the issue of Defendants' alleged violation of the Court's previous Order compelling discovery responses. (Doc. 30). During the hearing, Hunter requested additional relief, including striking all of Defendants' defenses; ordering all matters embraced in topics for which Defendants did not provide complete responses as established in Hunter's favor; awarding all of Plaintiff's attorneys' fees attributable to Defendants' failure to provide complete responses, to be paid within seven days; ordering complete discovery responses and production of documents within seven days; and continuing the discovery deadline.

Defendants requested the opportunity to submit additional documentation regarding discovery by the end of the day on April 9, 2026. Despite already having ordered the parties to "present any additional evidence and argument" at the hearing, the Court granted Defendants' request. Defendants submitted a Supplemental Filing (Doc. 48), with exhibits. Defendants referred in their Supplemental Filing to "the deadline imposed by Judge Autrey of July 18, 2025," and attested that they produced documents to Plaintiff after their July 16, 2025, responses, but before the Court's July 18, 2025, deadline. (Doc. 48 at 1–2). Nevertheless, Defendants also appeared to admit that they provided no new documents after their October 14, 2025, amended responses, which remained incomplete and represented they would be supplemented yet again, as described *supra*. *Id.* at 2.

After considering the arguments and evidence presented by the parties, the Court found that Defendants failed to comply with the Court's previous Order (Doc. 30). Therefore, in its Order

of April 10, 2026 (Doc. 51), the Court granted in part Plaintiff's Motion for Sanctions (Doc. 36) and ordered sanctions pursuant to Rule 37(b)(2). Specifically, the Court ordered that the facts necessary to pierce the corporate veil of Proveq Belux be taken as established for purposes of this action and prohibited Defendants from opposing Hunter's claim that Proveq Belux's corporate veil should be pierced and from asserting any defense predicated upon Proveq Belux's corporate veil. FED. R. CIV. P. 37(b)(2)(A)(i), (ii). (Doc. 51). The Court also ordered that "Defendants shall provide complete discovery responses within 14 days" of the April 10, 2026, Order. (Doc. 51). The Court finally awarded Hunter reasonable attorneys' fees and expenses limited to the preparation of the relevant motions and memoranda (Docs. 28, 29, 36, 37, and 46) and preparation for, and attendance at, the April 9, 2026, hearing, in the amount of $20,000, "which Defendant Craenen shall pay on or before **June 30, 2026**." (Doc. 51) (emphasis in original).

On July 7, 2026, Hunter filed its Motion for Contempt and Sanctions (Doc. 67) and Memorandum in Support (Doc. 68). Hunter alleged that Defendants did not provide complete discovery responses within 14 days of the April 10, 2026, sanctions Order, and Defendant Craenen had not paid the $20,000 in reasonable attorneys' fees and expenses due on June 30, 2026, in violation of the sanctions Order. Hunter asked the Court to sanction Defendants by: (1) entering default judgment or striking their defenses; (2) awarding attorneys' fees related to bringing the motion; (3) holding Defendants in contempt for violating the sanctions Order; and (4) awarding any other relief the Court deems just. (Docs. 67 at 2, 68 at 12).

Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Contempt and Sanctions (Doc. 74), in which Defendants referred to a reorganization proceeding in a Belgian court as rendering "[c]ompliance with the payment directive . . . , until days before the deadline, genuinely unclear," and alleged that the unproduced documents belong to a non-party and are

available publicly. (Doc. 74 at 4–6). They claimed they did not ignore the sanctions Order and pointed to their Motion for Stay of the Proceedings (Doc. 65) in favor of the Belgian proceedings, which motion Defendants filed on June 30, 2026, the same day the $20,000 sanction was due to be paid. (Doc. 74 at 3, 5). Defendants argued, "[t]o the extent any responsive gap remains, it is a matter for further discussion and clarification," and that the sanctions of default judgment and striking defenses are too harsh. (Doc. 74 at 6). Hunter filed a Reply in Support of its Motion (Doc. 75).

The Court set a hearing on Hunter's Motion for Contempt and Sanctions for August 10, 2026, ordering all parties to appear in person. (Doc. 76). Defendants filed a Motion to Continue Hearing Date and requested leave for Defendant Craenen to appear remotely. (Doc. 77). The Court continued the hearing to August 14, 2026, but denied Defendant Craenen's request to appear remotely and again ordered him to appear in person. (Doc. 78).

On August 13, 2026, the day before the hearing, Defendants filed a Motion for Reconsideration, (Doc. 80), and another Memorandum in Opposition to Hunter's Motion for Contempt and Sanctions, (Doc. 81). In their Motion for Reconsideration, Defendants stated that Defendant Craenen was "unable to be physically present" and again requested he appear remotely "at any hour convenient to the Court." (Doc. 80 at 1, 3).

At the hearing on August 14, 2026, Defendant Craenen did not appear either in person or remotely, despite his counsel's attempts to contact him. (Doc. 82). The Court denied Defendants' Motion for Reconsideration, (Doc. 80), and found that Defendant Craenen had violated the Court's orders to appear in person. (Doc. 84 at 4:1–7, 5:12–5:18, 10:15–11:3, 41:20–25) (Transcript of August 14, 2026, Hearing). Defendants' counsel conceded that Defendant Craenen had not paid the previously ordered sanction of $20,000 in fees and expenses. (Doc. 84 at 35:20–25).

Defendants also had not disclosed complete discovery as previously ordered. (Doc. 84 at 18:24–19:3).

Accordingly, the Court granted Hunter's Motion for Contempt and Sanctions. (Doc. 67). The Court found that Defendants had repeatedly violated its orders and held Defendants in civil contempt. (Doc. 82). Pursuant to Rules 37(a)(5) and (b), the Court ordered Defendants to pay an additional sanction of $20,000 in reasonable fees and expenses, for a total of $40,000, by August 21, 2026. (Doc. 82). Yet again, the Court ordered Defendants to disclose "complete discovery responses and all responsive documents" by August 21, 2026. (Doc. 84 at 39:19–24). The Court ordered that Defendants' failure to do so "shall constitute further contempt of court." (Doc. 82). The Court also ordered Defendant Craenen to file his contact information with the Court on or before August 17, 2026. (Doc. 82). Finally, the Court ordered Hunter to file a proposed default judgment by August 24, 2026. (Doc. 82).

In violation of the Court's orders, Defendants have failed to pay the $40,000 in sanctions or disclose any additional discovery. Defendant Craenen likewise did not file his contact information as ordered by the Court. Thus, the Court again finds Defendants in civil contempt of court.

Hunter filed its Proposed Default Judgment, (Doc. 86), which is now before the Court. For the reasons stated herein and on the record at the August 14, 2026, hearing, (Docs. 82, 84), the Court enters default judgment pursuant to Rules 37(b) and 55 in favor of Plaintiff Hunter Engineering Company and against Defendants Deefakto SA/NV and Wim Craenen. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852 (8th Cir. 1996) (affirming trial court's entry of default under Federal Rule of Civil Procedure 55 for willful violations of court rules); *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1996) ("[W]illful violations of court rules,

contumacious conduct, or intentional delays" are bases for default judgment.); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007 (8th Cir. 1993) (affirming district court's default judgment for repeated willful violations of discovery orders).

Accordingly,

**IT IS HEREBY ORDERED** that default judgment is entered in favor of Plaintiff Hunter Engineering Company and against Defendants Deefakto SA/NV and Wim Craenen in the amount of $783,732.34.

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED** as moot.

Dated this 27th day of August 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE